IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BERMAN AND GAIL BERMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 11 C 1309 ) |
| HOWMEDICA OSTEONICS CORP., | ) ) |
| Defendant. | ) |

# **OPINION AND ORDER**

This case is before the court on plaintiffs' and defendant's motions *in limine*.

### **I. Plaintiffs' Motions**

### **A. Unopposed Motions**

Defendant does not object to granting the following motions (as listed numerically) presented by plaintiffs:

4. Employment of Attorneys and Fee Agreements.

5. Non-taxable Status of Recoveries.

6. Effect of Taxes on Lost Income.

7. Effect of Investment of Any Award.

12. Medical Expenses Billed but Not Paid.

14. Defendant's Ability to Pay.

## B.  Opposed Motions

**1.  Lack of Other Complaints.**

Plaintiffs have moved to exclude any evidence of lack of incidents involving any knee replacement systems manufactured or distributed by defendant or any other owned entity, including the Triathlon knee replacement that is the subject of this suit.

Plaintiffs contend that the product in suit was unreasonably dangerous. Under Illinois law a product may be found to be unreasonably dangerous by showing a manufacturing defect, a design defect, or a failure to warn or instruct on the proper use of the product.  ***Mikolajczyk v. Ford Motor Co.***, 231 Ill. 2d 516, 901 N.E.2d 329, 335 (2008).  Here plaintiffs' claims are based on a manufacturing defect, which can occur when one unit in the manufacturing process is defective. There is no claim that the design is flawed.  Manufacturing defects can occur in only a fraction of the products.  Plaintiffs allege that there was a dimensional mismatch between the tibial insert and the tibial baseplate implanted in Ronald Berman's leg.

Defendant denies that there was any manufacturing defect and seeks to prove that the inserts were produced in a manufacturing process that included other identical inserts in the same lot and that there have been no complaints of a manufacturing defect in any other inserts in the same manufacturing lot. If defendant can prove that the products were manufactured in an identical fashion and were used in the same procedures, the absence of any complaint as to that lot will be admissible. *See* ***Walker v. Trico Mfg. Co.***, 487 F.2d 595, 599 (7th Cir. 1973); ***Klonowski v. Int'l Armament Corp.***, 17 F.3d 992, 996 (7th Cir. 1994); ***Schwartz v. Am. Honda Motor Co.***, Inc., 710 F.2d 378, 382 (7th Cir. 1983); ***Halvorsen v. Lettuce Entertain You Enter.***, 2003 WL 22859199 *1 (N.D. Ill. Dec. 3, 2003).

**2. FDA Approval of the Triathlon Product.**

The Triathlon is a Class II medical device that required FDA approval before it could be marketed and sold. Plaintiffs seek to exclude evidence of FDA approval based on ***Wyeth v. Levine***, 555 U.S. 555 (2009), in which the Supreme Court held that FDA approval of a drug warning label did not preempt state law product liability claims for failure to warn. The case, however, does not hold that FDA approval may not be introduced into evidence. FDA approval is not

conclusive of the condition of the unit in dispute, but it is a factor that the jury may consider. ***Malek v. Lederle Labs.***, 125 Ill. App. 3d 870, 466 N.E.2d 1038, 1039-40 (1st Dist. 1984); ***Newman ex rel. Newman v. McNeil Consumer Healthcare***, 2013 WL 4460011 *5 (N.D. Ill. March 29, 2013).

## 3. Collateral Source Payments.

Collateral source payments, including disability recoveries, insurance payments ,or medical payments are not admissible unless introduced by one of plaintiffs' witnesses. ***Wilson v. Hoffman Group, Inc.***, 131 Ill.2d 308, 546 N.E.2d 524, 530 (1989). If plaintiffs introduce such evidence, defendant may cross-examine the witness.

## 8. Other Reasons for the Alleged Product Failure.

Defendant states that it does not intend to assert that the attending surgeon was guilty of malpractice or negligence, but it does intend to show that the migration of bone cement is a known complication of knee replacement surgery and that plaintiff's implant failed because bone cement migrated out of the space where the implant is fixated to the bone, rather than because of any product defect, as plaintiffs allege. A defendant denying liability is permitted to introduce alternative theories of failure. Such evidence is relevant to the issue of causation

and lack of a product defect. ***Korando v. Uniroyal Goodrich Tire Co.***, 159 Ill. 2d 335, 637 N.E.2d 1020, 1025-26 (1994).

**9.  Plaintiff Ronald Berman's Pre-existing Physical and Mental Conditions.**

Ronald Berman has a history of knee problems and a history of other joint problems.  He has heart problems and a history of depression for which he has been prescribed medications.  His medical history bears on the amount of any recovery a jury may award.  This history is relevant to the question of damages if a foundation of expert testimony shows that the pre-existing conditions are relevant to an issue in dispute.  ***Voykin v. Estate of DeBoer***, 192 Ill.2d 49, 733 N.E.2d 1275, 1279-80 (2000); ***Robenhorst v. Dematic Corp.***, 2008 WL 1766525 *3 (N.D. Ill. April 14, 2008).

**10.  Plaintiffs' Annual Income.**

Plaintiffs are correct that the Bermans' wealth is not admissible.  However, plaintiff Ronald Berman is claiming loss of wages totaling $26,815 as a result of being away from work as a result of replacement surgeries and follow-up care.  Cross-examination of plaintiffs concerning their earnings both before and after the incident is relevant.

**11.  Plaintiffs' Marital Status.**

Ordinarily, marital status is not relevant in an action for damages.  However, here the parties are seeking loss of consortium and marital status may be relevant.  It may be possible to stipulate as to the period for which loss is sought and thereby eliminate proof of plaintiffs' domestic situation.

Ruling is reserved as to what may be offered in evidence concerning plaintiffs' relationship.

**13.  Later Revision Surgeries.**

Plaintiffs seek to exclude evidence of any injuries sustained after the 2009 replacement surgery.  Mr. Berman underwent hand surgery in 2012 and underwent a revision surgery in December 2012.

Until further review of events subsequent to the 2009 surgery is considered, ruling is reserved as to what evidence may be admissible.

**II.  Defendant's Motions**

**A.  Unopposed Motions**

Plaintiffs do not object to granting the following motions (as listed numerically) presented by defendant**:**

1.  MAUDE Reports.

2. FDA Warning Letters and Inspections.

3. Voluntary Recall of Triathlon Products in 2010.

4. Other Lawsuits

5. Other Alleged Product Deficiencies.

## B.  Opposed Motions

## 6.  Opinion Testimony of Dr. Stamos.

Dr. Stamos is the surgeon who performed replacement and revision surgery implanting the Triathlon product in dispute.  It is conceded that he is a well-qualified and experienced specialist in knee surgery.  It is not disputed that he would certainly be qualified to express an opinion as to Ronald Berman and the expected duration of the implants.  The duration of implants is the subject of medical literature which would be known to an expert such as Dr. Stamos.  Based on his qualifications and years of experience, he is entitled to testify concerning the expected duration of knee implants.  Fed. R. Evid. 702.

Defendant also questions whether Dr. Stamos's opinions have been properly disclosed pursuant to Fed. R. Civ. P. 26(a).  Any formal failure in this regard is harmless.  The subject of Dr. Stramos' duration opinion was fully

disclosed in his deposition and is also referred to in a report submitted to defendant. The Rule 26 objection is denied.

## 7. Dr. Ngai's Opinions Regarding the Implant.

The admissible scope of Dr. Ngai's proposed testimony is discussed in the opinion denying summary judgment. *See* **Berman v. Stryker Corp.**, 2013 WL 5348324 (N.D. Ill. Sept. 24, 2013).

Defendant now contends that Dr. Ngai may not refer to a study relating to the life-span of conventional polyethylene inserts because the insert used in this case was a newer model with "highly cross-linked polyethylene" that is more resistant to wear. Whether there is a difference in the inserts is a matter of proof that must be resolved at trial. Defendant's experts will be able to testify on this subject and Dr. Ngai will be available for cross-examination. This factual question must be left to the jury. **Smith v. Ford Motor Co.**, 215 F.3d 713, 719 (7th Cir. 2000); **Walker v. Soo Line R. Co.**, 208 F.3d 581, 589-90 (7th Cir. 2000).

Defendant's motion is denied.

IT IS THEREFORE ORDERED that plaintiffs' and defendant's motions *in limine* are granted in part and denied in part.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 3, 2014